UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER DAWKINS, | ) |
| Movant, | ) |
| v. | ) No. 4:18-CV-710 RLW |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant Christopher Dawkins' Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 1) ("§ 2255 Motion"). The matter is fully briefed and ready for decision. For the following reasons, the Court finds the § 2255 Motion is moot and will dismiss it on that basis.

**Background**

On January 21, 2018, the Court sentenced Movant to a term of imprisonment of 24 months in the federal Bureau of Prisons, following his plea of guilty to a charge of being a felon in possession of a firearm. United States v. Dawkins, 4:17-CR-143 RLW (E.D. Mo.). The Presentence Investigation Report ("PSR") (ECF No. 45) in the criminal case found Movant's base level was 20 based upon the following conviction:

> **Base Offense Level:** The guideline for a violation of 18 U.S.C. § 922(g)(1) offenses is found in USSG §2K2.1 of the guidelines. This section provides that an offense involving the possession of a firearm by a prohibited person subsequent to one felony conviction of either a crime of violence (Domestic Assault in the Second Degree, Docket No. 22021-04156-01) or a controlled substance offense has a base offense level of 20. USSG §2K2.1(a)(4)(A).

(PSR ¶ 25.)

Movant was given three criminal history points based on his conviction for Domestic Assault Second Degree. Movant was given one criminal history point pursuant to U.S.S.G. § 4A1.1(c) based on a five-year sentence for a second-degree burglary conviction he received in State of Missouri v Dawkins, 1122-CR-3674. (PSR ¶ 43.)

The resulting sentencing guidelines range was 30-37 months on a total offense level of 17 with a criminal history category of III. (PSR ¶ 45.) The Court granted a downward variance from the guidelines range and sentenced Movant to 24 months. Movant did not file an appeal.

Movant timely filed his § 2255 Motion on May 3, 2018. In it, Dawkins asserts a single claim of ineffective assistance of trial counsel for failing to object to three criminal history points given to him for a second-degree burglary conviction.[1] (ECF No. 1 at 4.) Dawkins does not challenge his underlying conviction for being a felon in possession of a firearm. The United States filed an opposition to the merits of Dawkins' § 2255 motion (ECF No. 3). Dawkins did not file a reply and he was released from the Bureau of Prisons on January 2, 2019.[2] The record indicates Dawkins completed his federal supervised release on January 1, 2021. Dawkins did not notify the Court of his current address information after his release from imprisonment, as required by Eastern District of Missouri Local Rule 2.06(B).

On July 13, 2021, the Court ordered the United States to address whether Dawkins' release from custody rendered his § 2255 Motion moot. (ECF No. 5.) The Clerk of the Court mailed a copy of the Court's Order of July 13, 2021 to Dawkins but it was returned as undeliverable and unable to forward on July 30, 2021 (ECF No. 6). The Clerk could not verify a new address for Dawkins and as a result the Court's Order was not resent to him. (Id., Clerk's remark). The United

---

[1] Dawkins' challenge to his sentence is factually flawed, as he was assessed one criminal history point for his Missouri second-degree burglary conviction, not three as he asserts. See PSR ¶ 43.

[2] Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Aug. 11, 2021).

States responded to the Court's Order and asserts that the § 2255 Motion is moot.  The Court agrees.

**Legal Standard**

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the Court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice.  Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962).  The Supreme Court has instructed that "a collateral challenge may not do service for an appeal."  United States v. Frady, 456 U.S. 152, 165 (1982).  The Court must hold an evidentiary hearing to consider claims "unless the motion, files, and record conclusively show [the movant] is not entitled to relief."  Koskela v. United States, 235 F.3d 1148, 1149 (8th Cir. 2001).

**Discussion**

A petition for habeas corpus must be filed while the petitioner is in custody.  See Maleng v. Cook, 490 U.S. 488 (1989).  Once a sentence has expired, a habeas petitioner must show a concrete and continuing injury, i.e., a collateral consequence of the conviction, in order to continue his action.  Spencer v. Kemna, 523 U.S. 1, 7-8 (1998); Farris v. United States, No. 4:15-CV-01728 JAR, 2019 WL 316567, at *2 (E.D. Mo. Jan. 24, 2019) (citing cases).  In the present case, Dawkins filed his § 2255 Motion while in custody but he has since been released and has also completed his term of supervised release.

3

In his § 2255 Motion, Dawkins alleges only that his counsel was ineffective for failing to object to object to three criminal history points given to him for a second-degree burglary conviction. Dawkins does not challenge his underlying conviction for being a felon in possession of a firearm. As a result, even if the Court were to rule in Dawkins' favor on his challenge to his sentence, such a ruling would have no effect. There is no possible remedy available to shorten a term of imprisonment that Dawkins has completed serving. Therefore, his § 2255 claim is now moot. See Giese v. United States, 853 F. App'x 46, 47 (8th Cir. 2021) (dismissing as moot appeal from denial of motion to vacate sentence under § 2255, where the movant had been released from prison and his § 2255 motion alleged only ineffective assistance of counsel for failing to seek a downward departure); see also Owen v. United States, 930 F.3d 989, 990 (8th Cir. 2019) (holding that release will moot a § 2255 motion when the petitioner "challenge[s] only his term of imprisonment" and not "the term of supervised release").

**Conclusion**

For these reasons, Movant Christopher Dawkins' § 2255 Motion is moot because of his release from custody, and is subject to dismissal on that basis.

Accordingly,

**IT IS HEREBY ORDERED** that Christopher Dawkins' Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 1) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that a certificate of appealability shall not be issued in this case as the Court concludes that Dawkins has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), or demonstrated that reasonable jurists could debate whether the Court's procedural ruling is correct. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

      A separate Judgment will accompany this Memorandum and Order.

                                                      */s/ Ronnie L. White*
                                             **RONNIE L. WHITE**
                                           **UNITED STATES DISTRICT JUDGE**

Dated this 12th day of August, 2021.